Yongmoon Kim
Email: ykim@kimlf.com
Evan Lehrer
Email: elehrer@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
*Attorneys for Plaintiffs and the Proposed Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| YVETTE N. BLAIR, *on behalf of herself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL PACIFIC CREDIT COMPANY, LLC; CONVERGENT OUTSOURCING, INC.; and JOHN DOES 1 to 10,<br><br>Defendants. | Case No.<br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Yvette N. Blair, by way of Class Action Complaint against Defendants, Federal Pacific Credit Company, LLC; Convergent Outsourcing, Inc.; and John Does 1 to 10 state:

### I.    NATURE OF THE ACTION

1.    This class action for statutory damages arises from the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2.    As described more fully below, Defendants violated the FDCPA against Plaintiff and other New Jersey consumers by, *inter alia*, attempting to collect consumer debts without a license to do so under the New Jersey Consumer Finance Licensing Act, N.J. Stat. Ann. § 17:11C-3, thereby misrepresenting the amount of the debt and attempting to collect amounts not permitted by law.

3.      As described more fully below, Defendants violated the FDCPA against Plaintiff and other New Jersey consumers by offering false discounts on debts that could not be legally enforced.

4.      Lastly, Defendants also violated the FDCPA against Plaintiff and other New Jersey consumers by failing to clearly state the amount of the debt and the identity of the current creditor.

## II.    JURISDICTION AND VENUE

5.      This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6.      Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

## III.    PARTIES

7.      Plaintiff Yvette Blair ("Blair") is a natural person residing in Passaic County, New Jersey.

8.      Defendant, Federal Pacific Credit Company, LLC, ("FPCC") is a foreign limited liability company with its principal place of business located at 140 West 2100 South, Suite 220, Salt Lake City, Utah 84115.

9.      Defendant, Convergent Outsourcing, Inc., ("Convergent"), is a company with its principal place of business located at 800 Southwest 39th Street, Suite 100, Renton, Washington 98057.

10.      The Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such

practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

11.    In this pleading, "Defendants" in the plural refers to all Defendants.

## IV.    FACTS

### A.  Background

12.    Defendants are not in the business of extending credit, selling goods or services to consumers.

13.    Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

14.    The principal purpose of Defendants is the purchase and collection of debts.

15.    When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

16.    The debts alleged to be owed by Plaintiff and those similarly situated were incurred primarily for personal, family, or household purposes.

### B.  The Debt Generally

17.    Defendants have asserted that Plaintiff incurred or owed a certain financial obligation originating from a Verizon account ("Debt" or "Account").

18.    The Debt arose from one or more transactions which were primarily for personal, family, or household purposes.

19.    Upon information and belief, Plaintiff disputes owing this Debt.

20.     Defendants contend that the Account was past-due and in default.

21.     The Account was past-due and in default when it was allegedly purchased, assigned, transferred, and/or placed with FPCC.

22.     After purchasing the past-due and defaulted Account for pennies on the dollar, FPCC, either directly or through intermediate transactions, assigned, placed, and/or transferred the Account with Convergent for collection.

23.     The Account was past-due and in default when it was assigned, placed and/or transferred to Convergent for collection.

24.     At all times relevant hereto, Convergent acted on behalf of the FPCC to collect the Debt.

25.     At all times relevant hereto, the acts and omissions of Convergent were incidental to or taken within the scope of the responsibilities given and authorized by FPCC.

26.     In an attempt to collect the Debt allegedly owed by Plaintiff, Defendants mailed a collection letter to Plaintiff on April 13, 2019 ("Letter"). A true but redacted copy of the Letter is attached as ***Exhibit A***.

27.     Plaintiff received and reviewed the Letter.

28.     On information and belief, the last payment made on this Account was before June 2011.

29.     On information and belief, the Account went into default either in June, July or August of 2011.

30.     By the time the Letter was sent, the statute of limitations on the Account had expired.

**C.  Unlawful Collection**

31.     FPCC is not licensed by the New Jersey Department of Banking and Insurance under the New Jersey Consumer Finance Licensing Act ("NJCFLA") or any other State consumer lending statute.[1]

32.     During all times relevant to this action, the FPCC was not licensed as a "sales finance company" or a "consumer lender" pursuant to the NJCFLA.

33.     "Any person directly or indirectly engaging . . . in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amounts of $50,000 or less, shall be deemed to be engaging in the consumer loan business."[2]

34.     By purchasing and taking assignment of the accounts, the FPCC acted as a "sales finance company" as defined at N.J. Stat. Ann. § 17:16C-1(f).

35.     "No person shall engage in business as a consumer lender or sales finance company without first obtaining a license or licenses under this act."[3]

36.     FPCC is not permitted to engage in the "consumer loan business" or as a "sales finance company" since they did not first obtain a license pursuant to the NJCFLA.[4]

37.     Accordingly, "attempt[s] to collect Plaintiff's alleged debt on behalf of Defendants, who was not licensed as a consumer lender under the NJCFLA, constitutes prohibited conduct under the NJCFLA."[5]

---

[1] *See also* N.J. Stat. Ann. § 17:11C-1 *et seq.*
[2] N.J. Stat. Ann. § 17:11C-2.
[3] N.J. Stat. Ann. § 17:11C-3 (emphasis added).
[4] *See* N.J. Stat. Ann. § 17:11C-2 to -3.
[5] *Veras v. LVNV Funding, LLC*, No. 13-1745 (RBK/JS), 2014 U.S. Dist. LEXIS 34176, at *19 (D.N.J. Mar. 17, 2014) ("Plaintiff's allegation that Defendants attempted to collect Plaintiff's debt in contravention of the NJCFLA is sufficient to at least support his claim under section 1692e(10), that Defendants used a false representation or deceptive means to collect or attempt to collect Plaintiff's debt.").

**D. False, Deceptive, and Misleading Discount Offers**

38.    The Letter offers discount options on the Account.

39.    Specifically, the Letter opens with "Reduced Balance Opportunity".

40.    This "Reduced Balance Opportunity" is pursuant to "[o]ur client [FPCC] has advised us that they are willing to satisfy your account for 35% of your total balance. The full amount must be received in our office by an agreed upon date. If you are interested in taking advantage of this opportunity, call our office within 60 days of this letter. Your reduced balance amount would be $80.51."

41.    The detachable coupon portion of the letter provides additional opportunities:

> **OPPORTUNITY #1 - Lump Sum Reduced Balance Opportunity of 35%:**
> Enclosed is my payment of $ 80.51 (a 65% discount). My account
> is now satisfied in full.
>
> **OPPORTUNITY #2 - Reduced Balance Opportunity of 50% & Pay Over 3 Months:**
> Enclosed is my first payment of $38.34 towards the satisfied balance of
> $115.02 (a 50% discount).
>
> **OPPORTUNITY #3 - Spread Your Payments Over 12 Months:**
> Enclosed is my first payment of $19.17 towards the balance due of
> $230.03.

42.    However, the Account could not legally be enforced.

43.    Therefore, offering these discounts falsely convey that the Account, in-full, could be enforced, which appeals beyond a consumer's good-will to pay the Account.

44.    Since Plaintiff has a complete defense to the Debt—the statute of limitations—the representations of discounts such as "a 65% discount" and "a 50% discount" is false, deceptive, and misleading.

45.    Defendants regularly send collection letters offering to settle debts on which the statute of limitations has expired.

46.    The Federal Trade Commission has found that "[m]ost consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt."  The FTC entered into a consent decree with Asset Acceptance, LLC, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations.[6]

47.    On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred. 2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004. The orders require that "the Bank shall continue to provide disclosures concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations . . ." (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

48.    The October 1, 2012 orders further require disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement. . . ." (2012-CFPB-0002, p. 7 of 35, 2012-CFPB-0003, p. 6 of 28). Thus, they recognize that collection letters that fail to disclose material information may be misleading.

---

[6] Press Release, Federal Trade Commission, Under FTC Settlement, Debt Buyer Agrees to Pay $2.5 Million for Alleged Consumer Deception (Jan. 30, 2012), http://www.ftc.gov/news-events/press-releases/2012/01/under-ftc-settlement-debt-buyer-agrees-pay-25-million-alleged (For the Consent Decree wherein Asset Acceptance promises to stop filing time-barred suits, see http://www.ftc.gov/enforcement/cases-proceedings/052-3133/asset-acceptance-llc).

49.     On January 30, 2013, the FTC issued its report, The Structure and Practices of the Debt Buying Industry, available at http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf. The report reaffirms its position in the United States of America v. Asset Acceptance, LLC, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), American Express Centurion Bank (FDIC-12-315b, FDIC-12-316k, 2012-CFPB-0002), American Express Bank, FSB (2012-CFPB-0003) and American Express Travel Company, Inc. (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

50.     The report cites to a study (Timothy E. Goldsmith & Natalie Martin, Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

51.     On September 9, 2015, the Consumer Financial Protection Bureau entered into a Consent Order ("Consent Order") with a national and prominent debt collector, Midland Credit Management, Inc.

52.     The Consent Order required that when "[c]ollecting or attempting to collect any Time-Barred Debt through any means, including but not limited to telephone calls and written communications, without *clearly and prominently* disclosing to the Consumer... the following statement: 'The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau.'" (emphasis added).

53.     The Consent Order defined "clearly and prominently" to mean "as to written information, written in a type size and location sufficient for an ordinary Consumer to read and

comprehend it, and disclosed in a manner that would be easily recognizable and understandable in language and syntax to an ordinary Consumer. If the information is contained in a multi-page print document, the disclosure appears on the *first page*[.]" (emphasis added).

54.    By including this disclosure on the back of the Letter, Defendants attempted to falsely, deceptively and misleadingly impress upon the consumer that the debt is enforceable, and impress upon the consumer that the discounts and settlement offers on the first page should be accepted because this debt is enforceable.

### E.  Failure to Clearly Name the Current Creditor

55.    The Letter states:

> Creditor: Federal Pacific Credit Company, LLC
> Client Account #:  7534217
> Convergent Account #: T-64968954
> Original Creditor: Verizon

56.    However, the Letter also states:

> The law limits how long you can be sued on a debt.  Because of the age of your debt, Federal Pacific Credit Company, LLC cannot sue you for it and this debt cannot be reported to any credit reporting agency.  Convergent Outsourcing, Inc. cannot sue you on this debt and Convergent Outsourcing, Inc. cannot report this debt to any credit reporting agency.

57.    Thus, the Letter suggests that Convergent was able to sue on the Debt. Since the Letter does not specifically state who the current creditor or the current owner of the Debt is, it is confusing to the least sophisticated consumer who owns the account—FPCC, Verizon, or Convergent.

### F.  Failure to Clearly State the Amount of the Debt

58.    The Letter also states:

> Reduced Balance Amount:    $ 80.51
> Amount Owed:              $ 230.03
> Total Balance:            $ 230.03

59. Therefore, it is unclear whether the balance is $80.51 or $230.03. Therefore, Defendants failed to clearly state the amount of the debt.

## V. CLASS ACTION ALLEGATIONS

60. Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e (including §§ 1692e(2), 1692e(5), 1692e(10)); 1692f (including § 1692f(1)); and 1692g (including §§ 1692g(a)(1) and 1692g(a)(2)).

61. This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of herself and others similarly situated. Subject to discovery and further investigation which may cause Plaintiff to narrow, expand, or otherwise modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a Class and Subclass initially defined as follows:

> **Class**: All natural persons with an address in the State of New Jersey against whom, beginning April 13, 2019 through and including the final resolution of this case, Federal Pacific Credit Company, LLC, attempted to collect a consumer debt.

> **Subclass A**: All natural persons with an address in the State of New Jersey against whom, beginning April 13, 2019 through and including the final resolution of this case, Convergent Outsourcing, Inc., attempted to collect a consumer debt on behalf of Federal Pacific Credit Company, LLC.

62. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

63. The Class and Subclass for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

64. There are questions of law and fact common to the members of the Class and Subclass that predominate over questions affecting only individuals, including but not limited to:

A.      Whether Defendants are debt collectors under the FDCPA;

B.      Whether Defendants violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692f(1), 1692g, 1692g(a)(1), and 1692g(a)(2);

C.      Whether Plaintiff, the Class, and the Subclass are entitled to damages.

65.      A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  The FDCPA statutory scheme provides for statutory damages payable to each class member.  A class action will cause an orderly and expeditious administration of the claims of the Class and Subclass and will foster economies of time, effort and expense.

66.      The claims of the Plaintiff are typical of the claims of the members of the Class and Subclass.

67.      The questions of law and/or fact common to the members of the Class and Subclass predominate over any questions affecting only individual members.

68.      Plaintiff does not have interests antagonistic to those of the Class and Subclass.

69.      The Class and Subclass are readily identifiable.

70.      Plaintiff will fairly and adequately protect the interests of the Class and Subclass, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

71.      The prosecution of separate actions by individual members of the Class and Subclass would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate

actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

72.    Plaintiff does not anticipate any difficulty in the management of this litigation.

## VI.    VIOLATIONS OF THE FDCPA

73.    Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

74.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

75.    The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

76.    Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

77.    Defendants are not "creditors" as defined by 15 U.S.C. § 1692a(4).

78.    The collection letters referenced above are "communications" as defined by 15 U.S.C. § 1692a(2).

79.    At all times relevant hereto, Convergent acted on behalf of FPCC in an attempt to collect the debts.

80.    At all times relevant hereto, the acts and omissions of Convergent were incidental to or taken within the scope of the responsibilities given and authorized by FPCC.

81.    At all times relevant hereto, FPCC actively participated in the collection of consumer debts allegedly owed by Plaintiff and other New Jersey consumers.

82.     Therefore, FPCC is liable for the acts and omissions of its agents including Convergent in addition to its own acts in hiring, directing, and negligently supervising Convergent to collect debts on behalf of FPCC.

83.     Defendants violated the FDCPA (including but not limited to, 15 U.S.C. §§ 1692e (including subsections 1692e(2)(A), 1692e(5), and 1692e(10)); 1692f (including subsection 1692f(1)); and 1692g (including subsections 1692g(a)(1) and 1692g(a)(2)).

84.     The violations of the FDCPA described herein constitute *per se* violations.

85.     Based on any one or more of those violations, Defendants are liable to Plaintiff, the Class, and the Subclass for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Yvette N. Blair, demand judgment against Defendants, Federal Pacific Credit Company, LLC, and Convergent Outsourcing, Inc., as follows:

A.     For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the Class and Subclass A, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B.     For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C.     For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D.     For statutory damages in favor of Subclass A pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

E.     For actual damages in favor of Plaintiff, the Class, and Subclass A, pursuant to 15 U.S.C. § 1692k(a)(1);

F.     For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

G.     For pre-judgment and post-judgment interest; and

H.     For such other and further relief as the Court deems equitable and just.

## VIII.    JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX.    CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the

matter in controversy is not the subject of any other action pending in any court or of any

pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

Dated: April 13, 2020

*s/Yongmoon Kim*
Yongmoon Kim
*Attorneys for Plaintiff and the Proposed Class*
