**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **YVETTE N. BLAIR,** | |
| **Plaintiff,** | |
| **v.** | Civ. No. 20-4100 (KM) (JBC) |
| **FEDERAL PACIFIC CREDIT COMPANY, LLC, CONVERGENT OUTSOURCING, INC., AND JOHN DOES 1 TO 10,** | **OPINION** |
| **Defendants.** | |

**KEVIN MCNULTY, U.S.D.J.:**

This putative class action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The plaintiff, Yvette N. Blair, received a letter from Convergent Outsourcing, Inc. ("Convergent"), regarding a debt owned by Federal Pacific Credit Company, LLC ("Federal Pacific").

Now before the Court is the motion of defendants Convergent and Federal Pacific (DE 13) to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons set forth below, the motion is **GRANTED.**

1

## I.    Background[1]

Blair is subject to an alleged financial obligation arising from a Verizon account, although she disputes the obligation.[2] (Compl. ¶ 17-19.) The account allegedly went into default, and Federal Pacific purchased the debt from Verizon. (*Id.* ¶ 20-21.) Defendant Convergent sent Blair a collection letter ("the Letter"), a copy of which is attached to the complaint as Exhibit A. (DE 1-1.) At the time the Letter was sent, a claim based on the debt would have been barred by the statute of limitations. (Compl. ¶ 30.)

Because the allegations are based on the Letter, I describe it in some detail. The Letter is on Convergent's letterhead. (Letter at 1.) Below Convergent's address, business hours, and phone number is a rectangle containing the following:

Date: 04/13/2019

Creditor: Federal Pacific Credit Company, LLC

Client Account #: [REDACTED]

Convergent Account #: [REDACTED]

Original Creditor: Verizon

Reduced Balance Amount:       $80.51

---

[1]    For ease of reference, certain key items from the record will be abbreviated as follows:

| | | |
|---|---|---|
| "DE_" | = | Docket Entry in this Case |
| "Compl." | = | Complaint (DE 1) |
| "Def. Brf." | = | Memorandum of Law in Support of Defendant's Motion to Dismiss (DE 11) |
| "Pl. Brf." | = | Memorandum of Law in Opposition to Defendant's Motion to Dismiss (DE 13) |
| "Def. Reply Brf." | = | Reply in Support of Defendants' Motion to Dismiss (DE 16) |

[2]    The facts are described as alleged in the complaint and as apparent in Exhibit A. For purposes of a Rule 12(b)(6) motion, the well-pleaded factual allegations of the complaint are assumed to be true. *See* Section II, *infra.*

Amount Owed:    $230.03

Total Balance:    $230.03

The Letter is titled "Reduced Balance Opportunity." (*Id.*) The body of the Letter begins by stating that this "notice is being sent to you by a collection agency. The records of Federal Pacific Credit Company, LLC show that your account has a past due balance of $ 230.03." (*Id.*) It then states the following:

> Our client had advised us that they are willing to satisfy your account for 35% of your total balance. The full amount must be received in our office by an agreed upon date. If you are interested in taking advantage of this opportunity, call our office within 60 days of this letter. Your reduced balance amount would be $ 80.51. Even if you are unable to take advantage of this opportunity, please contact our office to see what terms can be worked out on your account. We are not required to make this arrangement to you in the future.

(*Id.*) Below Convergent's signature, on the first page and in all capitals, is the following notice: "NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION." (*Id.*)

At the bottom of the first page is a tear-off payment stub, which describes three "plans": the first provides for a lump sum payment of $80.51; the second provides for a 50% payment over three months; and the last provides for full payment of the debt over the course of 12 months. (*Id.*)

On the reverse side, below two other paragraphs (including a "notice about electronic check conversion"), is the following:

> The law limits how long you can be sued on a debt. Because of the age of your debt, Federal Pacific Credit Company, LLC cannot sue you for it and this debt cannot be reported to any credit reporting agency. Convergent Outsourcing, Inc. cannot sue you on this debt and Convergent Outsourcing, Inc. cannot report this debt to any credit reporting agency.

(*Id.*)

In April 2020, Blair brought this suit against Federal Pacific, Convergent, and John Does 1 to 10, alleging violations of the FDCPA, which requires certain

3

notifications and prohibits the use of false, deceptive or misleading representations or unfair practices to collect a debt. *See* 15 U.S.C. § 1692g (prescribing contents of debt collector's initial communication to debtor); 15 U.S.C. § 1692e (prohibiting false and deceptive practices); 15 U.S.C. § 1692f (prohibiting unfair practices). Defendants Convergent and Federal Pacific now move to dismiss the complaint for failure to state a claim. (DE 11.)

## II.    Standard of Review

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief." (citation omitted)). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013).

That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the

plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

The Court, in considering a Rule 12(b)(6) motion, is confined to the allegations of the complaint, with narrow exceptions:

> Although phrased in relatively strict terms, we have declined to interpret this rule narrowly. In deciding motions under Rule 12(b)(6), courts may consider "document[s] *integral to or explicitly relied* upon in the complaint," *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original), or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," *PBGC v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

*In re Asbestos Products Liability Litigation (No. VI)*, 822 F.3d 125, 134 n.7 (3d Cir. 2016). *See also Estate of Roman v. City of Newark*, 914 F.3d 789, 796–97 (3d Cir. 2019) ("complaint, exhibits attached to the complaint, [and] matters of public record" as well as documents "that a defendant attaches as an exhibit to a motion to dismiss," if "undisputedly authentic" and "the [plaintiff's] claims are based [on them]"); *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) ("However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'") (quoting *In re Burlington Coat Factory*, 114 F.3d at 1426); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

The complaint attaches a copy of a letter from Convergent, the wording of which is the foundation of the allegations. (DE 1-1.) Its authenticity does not seem to be disputed. I therefore may consider it on this motion without converting it to one for summary judgment.

## III.   Discussion

Blair alleges that Defendants violated Sections 1692 e, f, and g of the FDCPA. Defendants move to dismiss under 12(b)(6), asserting that: (1) the Complaint fails to sufficiently allege a "debt" as defined in the Act; (2) the Letter

clearly conveys to the least sophisticated debtor the identity of the original creditor and the amount of the debt; and (3) the Letter clearly conveys to the least sophisticated debtor the legal status of the debt, despite the expiration of the statute of limitations. (Def. Brf.) I will grant the motion to dismiss based on (1), but I briefly discuss (2) and (3) for the parties' guidance in connection with any amended complaint.

### a. FDCPA

The FDCPA is a consumer protection statute that "imposes open-ended prohibitions on, inter alia, false, deceptive or unfair" debt-collection practices. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 587, 130 S.Ct. 1605, 176 L.Ed.2d 519 (2010) (quotation marks and citation omitted). Congress passed the FDCPA in 1977 to combat "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011) (citing 15 U.S.C. § 1692(a)).

To state a claim under the FDCPA, a plaintiff must allege that: "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

To determine whether a particular practice or action violates the FDCPA, courts routinely apply the "least sophisticated debtor" standard. *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006). "Although the least sophisticated debtor standard is lower than the standard of a reasonable debtor, it preserves a quotient of reasonableness and presumes a basic level of understanding and willingness to read with care." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 418–19 (3d Cir. 2015) (internal citations and quotations omitted). In so doing, the standard "gives effect to the Act's intent to protect the gullible as well as the shrewd." *Id.* (internal citations and quotations omitted). The least sophisticated debtor standard is objective, "meaning that the specific plaintiff need not prove

that she was actually confused or misled, only that the objective least sophisticated debtor would be." *Id.* The debtor, however unsophisticated, must nevertheless "read collection notices in their entirety." *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 299 (3d Cir. 2008).

Here, the Defendants' objections center on the final two elements: whether the complaint alleges that the obligation is a debt and whether it alleges that the language of the letter violates the FDCPA.

### b.  "Debt" under § 1692(a)(5)

Defendants' first proffered basis for dismissal is that the complaint does not sufficiently allege that the obligation at issue is a "debt" under the FDCPA. (Def. Brf. at 17.) I agree, and will grant the motion to dismiss on this basis.

The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

The Complaint alleges that the debt arose from matters "which were primarily for personal, family, or household purposes." (*See* Compl. ¶¶ 13, 17, 18). These are legal conclusions, parroting the statutory language, not factual allegations. The only clue to the nature of the debt is the listing of "Verizon" as "original creditor." The Court might speculate as to the household nature of such a debt, but cannot do so consistent with the standards of Rule 12(b)(6). I will therefore dismiss the complaint, but without prejudice to an amendment that describes the underlying debt.

For the guidance of the parties, however, I briefly touch on further issues that are likely to arise in connection with any such amended pleading.

### c.  Section 1692g

The FDCPA requires that debt collection letters include, among other things, the amount of the debt and the name of the creditor to whom the debt is owed. 15 U.S.C. § 1692g.

The Letter states that $230.03 is the "amount owed," "total balance," or "past due balance." (Letter at 1.) The letter states that the creditor will agree to "to satisfy your account for 35% of your total balance. . . . Your reduced balance amount would be $80.51." (*Id.*)

As for the identification of the "creditor," the Letter refers to three entities: Convergent, Federal Pacific, and Verizon. Convergent is identified as a "collection agency" and a "debt collector"; Federal Pacific is identified as the "Creditor"; and "Verizon" is listed, without further explanation, under the heading "Original Creditor." The legal notice on the back of the Letter states that the debtor may obtain the name and address of the original creditor by making a written request within 30 days.

Two issues may nevertheless arise. One is whether *Gross v. Lyons Doughty & Veldhuis, P.C.*, 779 F. App'x 864 (3d Cir. 2019), is distinguishable. A second involves any negative implication that might be drawn from the disclosure that, as a result of the expiration of the statute of limitations, *neither* Convergent nor Federal Pacific can sue.

### d. Sections 1692e and 1692f

Blair's complaint alleges that the Letter was misleading or unfair, relying on Sections e and f of the FDCPA, including 15 U.S.C. § 1692e(2), (5) and (10) and § 1692f(1).[3] (Compl. ¶¶ 60, 83.)

---

[3]     Section 1692e states that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." The section includes a non-exhaustive list of prohibited conduct, including making false representations as to the character or "legal status of any debt," § 1692e(2), threatening to "take any action that cannot legally be taken," § 1692e(5), and using "deceptive means" to "attempt to collect any debt," § 1692e(10).

Section 1692f prohibits the use of "unfair or unconscionable means" to collect or attempt to collect a debt. 15 U.S.C. § 1692f. This includes the collection of any amount not "permitted by law." 15 U.S.C. § 1692f(1). Section f may be considered a catchall, or backstop; "A complaint will be deemed deficient under this provision if it 'does not identify any misconduct beyond which plaintiffs assert violate other provisions of the FDCPA.'" *Shand-Pistilli v. Prof. Acct. Servs.*, No. 10-1808, 2010 WL 2978029, *6 (E.D. Pa. July 26, 2010) (quoting *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp.

Blair argues that, given the expiration of the statute of limitations, the Letter might mislead the reader as to the status of the debt, in two respects: (1) its offer to "discount" the debt, and (2) its offer to "satisfy" the account. Now a debt, despite the expiration of the limitations period, remains a debt. But collection letters, "when read in their entirety, must not deceive or mislead the least-sophisticated debtor into believing that she has a legal obligation to pay the time-barred debt." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 430 (3d Cir. 2018) (finding that offer to "settle" might mislead the debtor). The case law regarding the verb "satisfy" (as opposed to "settle") is not well developed, and the Third Circuit has not yet definitively set the limits of permissible language in connection with the collection of a time-barred debt.

The front of the Letter prominently boxes or highlights three "ways to pay" and three "opportunities," which consist of payment plans. The former are in the body of the Letter, and the latter in the detachable payment coupon. These are all options for payment; a fourth option, however, might be doing nothing while suffering no legal repercussions at all.

As to the disclosure of that fourth option, a factor favorable to Defendants is the Letter's notification, on the second page, that because of the age of the debt, neither Federal Pacific nor Convergent can sue on it or report it to a credit reporting agency. That paragraph also vaguely warns that, "in many circumstances," making "certain payments" on the debt or promising to pay it might revive the creditor's right to sue. The issue then becomes whether that disclosure, placed in the legal language on the back of the Letter, is prominent enough or clear enough to negate any misleading effect that might be found.

I do not resolve these issues in advance of any amended complaint. Rather, I state them as issues that should be considered in connection with preparation of any amended complaint, as well as any motion challenging it.

---

2d 643, 667 (S.D.N.Y. 2006)); *Evans v. Portfolio Recovery Assocs., LLC*, No. 15-1455, 2016 WL 4059645, at *6 (D.N.J. July 27, 2016).

These issues may eventually require resolution—whether legally, via motion to dismiss, or factually, via summary judgment or trial.

**IV.     Conclusion**

Defendants' motion to dismiss (DE 11) is granted based on the failure to allege factually that this is a household debt. That dismissal is entered without prejudice to the filing of a proposed amended complaint within 30 days. In light of the above discussion, a formal motion to amend will not be required.

An appropriate order follows.

Dated: January 25, 2021

/s/ Kevin McNulty

_____

Kevin McNulty
United States District Judge